UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tuffy Associates Corp.,                                          Case No. 11cv2423

                          Plaintiff

            v.                                                   MEMORANDUM OPINION
                                                                 AND ORDER

RLHJR Enterprises LLC, et al.,

                          Defendants


## INTRODUCTION

This matter is before me on the motion of Plaintiff Tuffy Associates Corp. ("TAC") for summary judgment against Defendants RLHJR Enterprises, L.L.C. ("RLHJR") and Robert L. Harris, Jr. ("Harris") pursuant to Federal Rule of Civil Procedure 56.  (Doc. No. 26).  RLHJR and Harris filed a brief in opposition, (Doc. No. 30), and TAC filed a reply.  (Doc. No. 31).  For the following reasons, TAC's motion is granted in part and denied in part.

## BACKGROUND

On August 31, 2009, Robert Harris entered into a franchise agreement ("the License Agreement") with TAC, which authorized Harris to operate a Tuffy Auto Service Center in Mulberry, Florida.  (Doc. No. 1-6).  Harris previously had executed a sublease ("the Sublease") with TAC for the property on which the service center was to operate.  (Doc. No. 1-8).  Harris then assigned his rights under the License Agreement and Sublease to RLHJR.  (Doc. No. 1-7).  Harris also entered into an agreement with TAC to act as a guarantor for RLHJR ("the Guaranty") in the

event RLHJR failed to fulfill its obligations under the License Agreement and Sublease.  (Doc. No. 1-9).

Under the License Agreement, RLHJR was obligated, *inter alia*, to make weekly royalty payments and advertising fund contributions, to provide reports on gross sales, to produce copies of financial statements and tax returns, and to continually operate the business according to the terms of the License Agreement.  (Doc. No. 1-6 at 3-5, 12).  Section 14.3 of the License Agreement delineates seven circumstances in which TAC, as licensor, could terminate the License Agreement for good cause and without providing RLHJR an opportunity to cure, including "abandonment by [the] Licensee of the Franchise Business."  (Doc. No. 1-6 at 25).  Abandonment would be conclusively presumed if RLHJR failed to open the service center for business for six consecutive business days without TAC's prior written consent.  (Doc. No. 1-6 at 25).  Section 14-6 of the License Agreement provides that upon termination of the License Agreement, TAC "will retain all payments made by [RLHJR], including payments for . . . license fees, royalt[ies], and advertising." (Doc. No. 1-6 at 29).

Under the Sublease, RLHJR was obligated to tender to TAC monthly payments for rent, Florida sales and real property taxes, insurance, and common area maintenance.  (Doc. No. 1-8 at 2). Section 8 of the Sublease provides RLHJR would be in default under the Sublease if RLHJR breached the License Agreement, failed to pay any amounts due under the Sublease for a period of 10 days, made late payments 3 or more times in a 12 month period, or abandoned the premises. (Doc. No. 1-8 at 5).  Harris assumed personal liability for amounts RLHJR owed to TAC under the License Agreement and the Sublease.  (Doc. No. 1-6 at 36; 1-8 at 13; 1-9).

TAC filed suit on November 9, 2011, alleging RLHJR was in breach of the License Agreement and Sublease because RLHJR failed to make payments due under those agreements, and that Harris also was in breach of contract because he failed to make payments following RLHJR's default.  (Doc. No. 1).  On February 25, 2012, RLHJR "terminated the Tuffy auto center business

2

operations." (Doc. No. 30 at 3).

TAC became aware of RLHJR's actions on February 29. (Doc. No. 31-1, exhibit D). Counsel for RLHJR and Harris alleges, and TAC does not dispute, that TAC took possession of the service center on or about March 15, 2012. (Doc. No. 23 at 1).

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25.

Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* Fed. R. Civ. P. 56(e)). Rule 56 "requires the [non-moving] party to go beyond the pleadings" and present some evidence in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The non-moving party "need only present evidence from which a jury might return a verdict in his favor" in order to establish a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 257. Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, a court "must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party."

*Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).  "At the summary judgment stage[,] the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.  Ultimately, a court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**ANALYSIS**

**A.  LIABILITY**

TAC is entitled to summary judgment on the issue of RLHJR and Harris's liability under the License Agreement, Sublease, and Guaranty because TAC has demonstrated there is no genuine dispute as to any material fact regarding the defendants' execution and subsequent breach of those agreements.  The evidence on this point "is so one-sided that [TAC] must prevail as a matter of law."  *Anderson*, 477 U.S. at 252.

TAC has carried its initial burden of "identifying those portions of 'the pleadings . . . together with the affidavits . . .' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  As TAC notes, Harris executed the License Agreement and the Sublease, and then assigned his rights and obligations under those contracts to RLHJR.  (Doc. No. 1-6; 1-8; 1-7).  Harris also agreed to assume personal liability for RLHJR's indebtedness under those contracts.  (Doc. No. 1-9).  TAC asserts RLHJR and Harris are in default under the agreements due to their failure to pay rent and the abandonment of the Tuffy auto service center. (Doc. No. 1; 26-4).

Harris and RLHJR have failed to "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 250.  Harris and RLHJR admit Harris entered into the License Agreement and the Sublease.  (Doc. No. 15 at 2).  Harris also admits he agreed to act as guarantor

for RLHJR.  (Doc. No. 15 at 3).  Harris and RLHJR further admit they ceased operations at the Tuffy auto service center on February 25, 2012, and have failed to make payments due to TAC under the Sublease.  (Doc. No. 30 at 3).

Harris and RLHJR argue that TAC's motion for summary judgment is without merit because, they claim, TAC has failed to comply with the requirements to prove an action on an account.  In an action on an account, the word "account" refers to a series of transactions in an on-going debtor/creditor relationship between the parties.  *Am. Sec. Serv., Inc. v. Baumann*, 289 N.E.2d 373, 377 (Ct. App. Ohio 1972).  In this action, however, TAC does not seek to recover on an extension of credit, but for payments due under the License Agreement, the Sublease, and the Guaranty.  RLHJR properly is characterized as a licensee and subtenant, and Harris as a guarantor.  TAC's claims properly are characterized as for breach of contract.  I conclude there is no genuine dispute as to any material fact regarding the defendants' execution and subsequent breach of the agreements, and TAC is entitled to summary judgment on this issue.

## B.  DAMAGES

TAC is not entitled to summary judgment on the issue of damages because it cannot "demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  I am satisfied TAC has supported its claim for past-due rental payments by providing monthly check application reports and identifying entries for RLHJR's partial rent payments and security deposit. TAC also demonstrates the defendants are not entitled to a credit for the value of certain equipment leased to them by Advantage Leasing.  RLHJR and Harris admit they do not hold title to the equipment.  (Doc. No. 30 at 9).  Any dispute regarding the value of that equipment and the amounts RLHJR and Harris have paid on the financing lease rests in a possible claim by Advantage Leasing against RLHJR and Harris, and is not relevant to the calculation of the defendants' arrears to TAC. TAC has not established, however, that the defendants in fact abandoned the other items of personal property used to operate the service center, or otherwise are not entitled to a set-off for

this property.  Further, it is not clear the parties agree on what items of personal property remained in the service center following RLHJR's termination of business.  Following a scheduling conference with the parties, I will set a damages hearing to permit the parties to present arguments and evidence regarding the proper disposition of these items.

### CONCLUSION

For the reasons stated above, TAC's Motion for Summary Judgment, (Doc. No. 26), is granted in part and denied in part.  A damages hearing will be scheduled following consultation with the parties.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge